## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

LORI GREINER, individual, and
FOR YOUR EASE ONLY, INC.

          Plaintiffs,

vs.


CVS CORPORATION, ATICO
INTERNATIONAL USA, INC.,

          Defendants.

Case No. 07 C 6451

The Honorable Judge Charles Norgle

Magistrate Judge Susan Cox

## DEFENDANT ATICO'S MOTION TO DISMISS

Defendant, Atico International USA, Inc. (Atico), by its counsel, moves to Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 4, 10 and 12. In support of its motion, Atico states as follows:

### The Court Lacks Jurisdiction Over Atico.

1.      Plaintiff's Complaint is defective because it fails to recite any facts establishing this Court's personal jurisdiction over Atico. *See* Fed. R. Civ. P. 12(b)(2).

2.      At best, the Complaint alleges Atico may have made or sold some "mirrored jewelry box" to "CVS Corporation." DI 1. As will be discussed, "CVS Corporation" does not exist. Therefore, the Complaint does not allege any act that could give rise to specific jurisdiction in this forum.[1]

---

[1] That is not to say that specific jurisdiction would lie if "CVS Corporation" did exist, but that issue is not before the Court since the Complaint fails to identify any other legal entity besides Atico.

3.    The Complaint completely lacks allegations that Atico has general and systematic contacts with this forum.  To do so, "general and systematic" contacts must be pleaded.  *See International Shoe v. Washington*, 326 U.S. 310 (1945).  Here, not a single general jurisdiction allegation appears in the Complaint.

4.    On the face of the pleading, therefore, the Court can exercise neither general nor specific personal jurisdiction over Atico.  The Complaint should therefore be dismissed.

### CVS Corporation Does Not Exist.

5.    Further, the Complaint is defective because it fails to properly name a party defendant as no entity named "CVS Corporation" exists.  *See* Fed. R. Civ. P. 10(a).  Without a "CVS Corporation" defendant, the Complaint fails to allege facts forming a basis for this Court to exercise specific jurisdiction over Atico.  *See generally* 735 ILCS 5/2-209.

6.    Consequently, since "CVS Corporation" does not exist, the Complaint fails to properly identify a party as required by Fed. R. Civ. P. 10(a).  The Complaint should be dismissed against "CVS Corporation" because no such entity exists. *See Moran v. Commanding Gen. of U.S. Army Fin. Ctr.*, 360 F.2d 920, 922 (7th Cir. 1966) (action dismissed because complaint failed to name legal entity as defendant); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1261-1262 (9th Cir. 1992) (pro se complaint dismissed for claimant's continued failure to identify all defendants properly); *Agresta v. City of Philadelphia*, 694 F. Supp 117, 199 (E.D. Pa. 1988) (complaint dismissed as to "The Police Department of the City of Philadelphia because it did not have separate corporate existence).

7.    CVS Caremark Corporation, a Delaware Corporation, and CVS Pharmacy, Inc., a Rhode Island Corporation, may have been the intended defendants.  But the Complaint identifies "CVS Corporation, a Rhode Island corporation."  Docket No. (DI) 1.  No defendant should be

burdened with determining who plaintiff *meant* to serve. Plaintiffs' improper naming fails to provide an extant CVS entity with notice of the suit. *See* Fed. R. Civ. P. 4. The Complaint also should be dismissed against "CVS Corporation" on this ground.

### At Least One Plaintiff Lacks Standing to Assert the Patent-in-Suit.

8.      Further, Plaintiff For Your Ease Only, Inc, lacks standing to assert the patent-in-suit under 35 U.S.C. § 281.

9.      Both plaintiffs allege that Atico infringes U.S. Design Patent No D258,840 ("the '840 patent"). But the patent identifies only one inventor, plaintiff Greiner, and no assignee. DI 1 at Ex. A at cover page.

10.     Consistently, Paragraph 7 of the Complaint states "Ms. Greiner is the owner of the entire right, title and interest" to the patent-in-suit. DI 1.[2] Standing to sue on a U.S. Patent requires an assignment or exclusive license "where "all substantial rights" in the patent are transferred." *Int'l Gamco, Inc. v. Multimedia Games, Inc.*, 504 F.3d 1273 (Fed. Cir. 2007).

11.     On the face of the pleading, For Your Ease Only, Inc. does not have sufficient interest to have standing to sue for infringement of the '840 patent. For Your Ease Only, Inc. should therefore be dismissed from this case.

### After Notice of These Deficiencies, Plaintiffs' Counsel
### Took No Action to Address or Correct Them

12.     Over six weeks ago, in a letter dated November 20, 2007, counsel for Atico asked Plaintiffs' counsel for proof of For Your Ease Only, Inc.'s ownership of the patent-in-suit. Ex. A. In its November 24 response, Plaintiffs' counsel vaguely responded it "had authority to speak for the patent owner" but did not identify who the patent owner was. Ex. B.

---

[2] Atico is aware of no assignment of the patent-in-suit on record at the U.S. Patent and Trademark Office.

13.     Despite its evasive responses and refusal to respond to follow up phone calls, counsel filed the Complaint improperly naming For Your Ease Only, Inc. as a plaintiff.

14.     Continuing its good faith efforts to keep litigation of this case on track, on January 3, 2007 – after the Complaint had been filed – counsel for Atico (Jason Buratti) left a voice mail for Plaintiffs' counsel (Daniel McDonald). In the voicemail, Mr. Buratti explained that no entity named CVS Corporation exists and said Atico would move to dismiss if Plaintiffs did not correct this and other deficiencies with their Complaint. They did not.

15.     Atico has now filed in the U.S. District Court for the District of Florida a declaratory judgment action concerning the patent-in-suit. Notions of substantial justice and fair play favor this Court's dismissal of the Complaint that improperly names two parties and fails to establish jurisdiction over a third (and the only legal entity named as a defendant), in favor of a resolution of the instant claim in a court of competent jurisdiction with a proper Complaint before it.

16.     Plaintiffs will not be prejudiced by the litigation of this dispute in Florida, having failed to properly pursue their rights in this District.

### Conclusion

17.     In sum, Plaintiffs have failed to plead facts necessary for the Court to exercise personal jurisdiction over Atico, and have improperly named one defendant and one plaintiff (who lacks standing).

WHEREFORE, for these reasons and the reasons stated above, the Complaint should be dismissed. No prejudice to Plaintiffs will result.

Dated:  January 7, 2008                       Respectfully Submitted,

                                              _____/s/   David B. Goodman_____
                                              Counsel For Atico International USA, Inc.


***Attorneys for Defendant Atico International
USA, Inc.***

David B. Goodman ( IL Bar No. 6201242
Shaw Gussis, *of counsel*
321 N. Clark Street, Suite 800
Chicago, Illinois 60610
Tel. 312-541-0151
Fax 312-980-3888
dgoodman@shawgussis.com

*Of Counsel & Pro Hac Vice*
Jason R Buratti (D.C. Bar Number 473816)
Jeffrey H. Kamenetsky (Fl. Bar Number 114571)
Joseph R. Englander (Fl. Bar Number 935565)
CHRISTOPHER & WEISBERG, P.A.
200 East Las Olas Boulevard, Suite 2040
Fort Lauderdale, Florida 33301
Telephone: (954) 828-1488
jburatti@cwiplaw.com
jkamenetsky@cwiplaw.com

# EXHIBIT  A



CHRISTOPHER
&
WEISBERG, P.A.
ATTORNEYS AT LAW

November 20, 2007

*Via Facsimile – (612) 332-9081*
*and U.S. Mail*

Daniel W. McDonald, Esq.
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2215

> Re:    **PATENT INFRINGEMENT ALLEGATIONS**
> *CVS Corporation and Atico International USA, Inc.  adv. Lori Greiner and For*
> *Your Ease Only, Inc.*
> Product:  Mirrored Jewelry Box
> Our File No.:  1026-353

Dear Mr. McDonald:

Thank you for your November 16, 2007 facsimile regarding the above-referenced matter.

Your November 8, 2007 letter to CVS was forwarded to my firm's attention on November 14th. Our responsive letter, forwarded to you the very next day, was indicative of our clients' prompt attention to the allegations raised in your letter. Given the seriousness of your allegations, we are making every attempt to investigate this matter including obtaining a sample of the accused product and examining the history of your client's product, company and patent.

We have every intention of providing you with a substantive response to your client's patent infringement allegations but cannot and will not do so until we have been given ample time to thoroughly investigate this matter and prepare an appropriate response.

We shall provide you with our substantive response no later than Friday, November 30th.

Daniel W. McDonald, Esq.
Merchant & Gould
November 20, 2007
Page 2


     In the interim, we ask that you forward us proof indicating For Your Ease Only, Inc. is the assignee or exclusive licensee of U.S. Patent No. D528,840.

                  Sincerely,

                  CHRISTOPHER & WEISBERG, P.A.


          By:

                  Jeffrey H. Kamenetsky

JHK/cs

cc: CVS Corporation
    Atico International USA, Inc.


91589


CHRISTOPHER & WEISBERG, P.A.
Attorneys at Law

# EXHIBIT  B

# David B. Goodman

| | |
|---|---|
| **From:** | Daniel McDonald [DMcDonald@merchantgould.com] |
| **Sent:** | Wednesday, November 21, 2007 3:45 PM |
| **To:** | Jeff Kamenetsky |
| **Cc:** | Victoria Hanson |
| **Subject:** | Letter re CVS-FYEO/Greiner matter |

Re: For Your Ease Only/Greiner v. CVS patent litigation and letter dated November 20, 2007

Dear Mr. Kamanetsky:

As counsel for both For Your Ease Only and Ms. Lori Greiner, I assure you that I am authorized to communicate with you on behalf of the owner of all rights in U.S. patent no. D528,840.

Ms. Greiner and FYEO are both disheartened by your failure to provide a substantive response to my November 8 letter. We had understood your prior letter as indicating we would receive on Tuesday of this week a real response, not merely a request for an additional ten days to think about it.

As you probably know, your client CVS continues to run ads touting the infringing product and sell it, further damaging FYEO and Ms. Greiner. CVS's behavior would appear consistent with a deliberate effort by CVS to lead us to believe we would receive a real response before the Thanksgiving holiday, knowing that in fact it had no intention of responding by that date. CVS thus, less than coincidentally, seeks to give itself the full benefit of selling the accused product through the upcoming thanksgiving holliday weekend, which of course is one of the busiest shopping times of the year for products of this type, while still lacking any basis to refute our contentions of infringement.

If CVS is truly taking this matter seriously and in need of more time, we believe it is only fair and proper for CVS to cease further sales and advertising of the product while you continue your investigation. We thus request that, if CVS truly wants to respect my clients' rights while taking more time to review the matter, that it should **pull the accused product from its shelves by Friday, Nov. 23, 2007.** Such a step would help to alleviate the impression that CVS's delay was a deliberate attempt to buy time while benefiting from sales during this busy holiday week.

Please confirm by next Monday, November 26, 2007, that CVS has pulled the product from its shelves. If you fail to respond by that date with assurances requested, we continue to reserve all legal rights, and in particular expect at a minimum to serve the complaint on CVS on Tuesday, November 27. To that end, if you are authorized to accept service, please let me know.

Yours truly,


Daniel W. McDonald, Esq.
Merchant & Gould, P.C.
Suite 3200 IDS Center
80 S. 8th St.
Minneapolis, MN 55402
612-336-4637


fax 612-332-9081

## CERTIFICATE OF SERVICE

David B. Goodman, an attorney, hereby certifies that he caused a copy of DEFENDANT

ATICO'S MOTION TO DISMISS through the CM/ECF Court Filing System to be served on:

> Donald B. Levine
> Latimer LeVay Jurasek LLC
> 55 West Monroe Street
> Suite 1100
> Chicago, IL  60603

and by First Class U.S. Mail from 321 N. Clark Street, Suite 800, Chicago, Illinois in properly

addressed envelope with postage prepaid to be served on:

> Daniel W. McDonald
> Merchant & Gould P.C.
> 3200 IDS Center
> 80 South Eighth Street
> Minneapolis, MN 55402-2215

on this 7th day of January, 2008.

                                        /s/  David B. Goodman
                                        David B. Goodman