# EXHIBIT 10

LEXSEE


Cited
As of: Jan 31, 2008

JOHN T. ("TOM") MINEMYER, Plaintiff, v. R-BOC REPRESENTATIVES, INC.,
et al., Defendants.

No. 07 C 1763

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION

2007 U.S. Dist. LEXIS 62898

August 24, 2007, Decided
August 24, 2007, Filed

**COUNSEL:** [*1] For John T. Minemyer, Plaintiff, Counter Defendant: Eugene Frederic Friedman, LEAD ATTORNEY, Gail Tuler Friedman, Friedman & Friedman, LTD., Chicago, IL; Douglas Mason Chalmers, Douglas M. Chalmers P.C., Chicago, IL.

For R-Boc Representatives, Inc., Carolyn Lundeen, Robert Lundeen, Defendants, Counter Claimants: Paul K. Vickrey, LEAD ATTORNEY, Matthew G. McAndrews, Niro, Scavone, Haller & Niro, Ltd., Chicago, IL; Nicholas M. Dudziak, Niro, Scavone, Haller & Niro, Chicago, IL.

For Dura-Line Corporation, Timothy A. Grimsley, Defendants, Counter Claimants: Jacque Pierre McCray, Sonnenschein, Nath & Rosenthal, LLP, Chicago, IL; Juliet A. Cox, Matthew L. Faul, Sonnenschein Nath & Rosenthal LLP, Kansas City, MO.

For Precision Custom Molders, Inc., Edward Krajecki, Sandra Krajecki, Defendants, Counter Claimants: Matthew G. McAndrews, Paul K. Vickrey, Niro, Scavone, Haller & Niro, Ltd., Chicago, IL; Nicholas M. Dudziak, Niro, Scavone, Haller & Niro, Chicago, IL.

For Dura-Line Corporation, Counter Claimant: Jacque Pierre McCray, Sonnenschein, Nath & Rosenthal, LLP, Chicago, IL.

**JUDGES:** David H. Coar, United States District Judge.

**OPINION BY:** David H. Coar

**OPINION**

**MEMORANDUM OPINION AND ORDER**

Plaintiff John T. ("Tom") Minemyer [*2] ("Minemyer" or "Plaintiff") has brought suit against Defendant R-BOC Representatives, Inc., ("R-BOC" or "Defendant") and other related party defendants (collectively "Defendants") for infringing on United States patent 6,851,727 and related state law claims. Before this Court is Defendant Timothy A. Grimsley's ("Grimsley" or "this Defendant") Motion to Dismiss (Doc. No. 40) based on allegations that this Court lacks personal jurisdiction over Grimsley. For the reasons stated below, this motion is DENIED.

**1. FACTS**[1]

> 1   For the purposes of this motion, the facts alleged in Plaintiff's complaint are taken as true.

Plaintiff is the inventor of a "Radial Conduit Coupling System and Method." On February 8, 2005, he received United States patent 6,851,726 ("the Patent"), which describes this invention and which he continues to hold through the present day. Plaintiff is sole proprietor of Lozon, which manufactures plastic couplers under this patent.

Defendant R-BOC is an Illinois Corporation based in St. Charles, Illinois, and doing business as B&C Distributing. Beginning in 2003, R-BOC purchased patented couplers from Lozon that it would then resell to Defen-

dant Dura-Line, who ultimately sold them [*3] to telecommunications businesses. In 2006, these purchases from Lozon slowed and then stopped altogether. During that year, R-BOC began producing and distributing couplers substantially similar if not identical to those it had purchased from Lozon. Dura-Line continued to contract with R-BOC for the purchase of plastic couplers continuing into 2006, despite knowing that later versions were produced in violation of federal patent law. At all relevant times Defendant Timothy A. Grimsley -- the movant in the instant matter -- was an employee of Dura-Line. Defendants DOE # 1 and DOE # 2 are plastics molders who also infringed on the patent by producing the couplers distributed by R-BOC after purchases from Lozon had ceased.

The infringing couplers contained distinctive, non-functional trade dress features that would make a purchaser believe that Lozon continued to manufacture B&C's couplers through 2006. In addition, the infringing products were packaged in such a way, and instructions were included with that packaging, so as to imitate Plaintiff's product. Despite this consistency in appearance, Defendants made no effort to inform their purchasers that couplers sold from 2006 on were not [*4] Lozon products, and that therefore they were not manufactured in the same manner or using the same safety protocols.

On March 29, 2007, Plaintiff filed a complaint against all Defendants for equitable and monetary relief, which was subsequently amended on May 21, 2007. In its current form, Plaintiff maintains that Defendants are liable for: infringing on U.S. patent 6,851,727 in violation of the Federal Patent Act (35 U.S.C. §§ 1 et seq.) (Counts I-III); violating the Lanham Act (Count IV); and breaking various statutory and common law obligations of the state of Illinois (Counts V-XII). Defendant Grimsley now seeks dismissal of all counts against him, claiming that he is a non-resident of Illinois, lacks the minimum personal contacts with this state, and is protected by the fiduciary shield doctrine from any assertion of personal jurisdiction.

## 2. LEGAL STANDARD

On a motion to dismiss, the Court accepts all well-pleaded allegations in the plaintiff's complaint as true. Fed. R. Civ. P. 12(b)(6). The purpose of a 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). [*5] A complaint should not be dismissed "unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Any ambiguities are construed in favor of the plaintiff. *Curtis v. Bembenek*, 48 F.3d 281, 283 (7th Cir. 1995). However, the court need "not strain to find inferences favorable to the plaintiffs which are not apparent on the face of th[e] ... complaint." *Coates v. Illinois State Bd. of Ed.*, 559 F.2d 445, 447 (7th Cir. 1977).

A complaint that complies with the Federal Rules of Civil Procedure cannot be dismissed because it fails to allege facts. The Rules require simply that the complaint state a claim, rather than plead facts that would establish the validity of that claim. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). "All that need be specified are the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Id.* (citing *Beanstalk Group, Inc. v. AM Gen. Corp.*, 283 F.3d 856, 863 (7th Cir. 2002)). The Seventh Circuit has ruled that stating a claim in federal court requires only "a short [*6] statement, in plain (that is, non-legalistic) English, of the legal claim." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). Plaintiffs "don't have to file long complaints, don't have to plead facts, don't have to plead legal theories." *Id.*

With respect to motions to dismiss based on the impropriety of personal jurisdiction, "a complaint need not include facts alleging personal jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (quoting *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998)). However, once the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Purdue*, 338 F.3d at 782. Absent an evidentiary hearing, the plaintiff must then present a *prima facie* case that personal jurisdiction is appropriate and, in so doing, "is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Id.* (citations omitted). The court will "accept all allegations of the complaint as true except those controverted [*7] by defendants' affidavits." *Northwestern Corp. v. Gabriel Mfg. Co.*, 1996 U.S. Dist. LEXIS 1800, 1996 WL 73622, at *2 (N.D. Ill. Feb. 16, 1996). Nonetheless, the *prima facie* case must include affirmative evidence in support of personal jurisdiction that goes beyond the pleadings. See *Purdue*, 338 F.3d at 783.

In a case based on diversity of jurisdiction, a federal district court sitting in Illinois has personal jurisdiction over a nonresident defendant only if an Illinois court would have jurisdiction. See *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997). In considering a challenge to personal jurisdiction, the court must look to state statutory law, state due process law, and federal due process law. *RAR*, 107 F.3d at 1276.

### 3. ANALYSIS OF "FIDUCIARY SHIELD DOCTRINE" UNDER LONG-ARM STATUTE

Defendant Grimsley maintains that because his only contacts with the state of Illinois were made in his capacity as an employee of Dura-Line, the "fiduciary shield doctrine" precludes this Court from asserting personal jurisdiction over him via Illinois's long-arm statute.

Under the Illinois long-arm provision, a court may exercise jurisdiction over nonresident defendants, "as to any cause of action arising from" [*8] the commission of a tortious act with the state. 735 ILCS 5/2-209(a)(2). The Illinois long-arm statute further states, "A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c).

Illinois courts acknowledge that the "fiduciary shield doctrine" can shield a defendant from personal jurisdiction. This principle precludes Illinois courts (federal or state) from exercising jurisdiction over a non-resident tortfeasor where the conduct which gave rise to the tort was "solely on behalf of [their] employer ...." *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 912 (7th Cir. 1994); *see also Rollins v. Ellwood*, 141 Ill.2d 244, 276, 152 Ill.Dec. 384, 402, 565 N.E.2d 1302, 1316 (1990) ("[T]he conduct of a person in a representative capacity cannot be relied upon to exercise individual personal jurisdiction over that person."). The fiduciary shield doctrine is inapplicable if the employee's tortious acts in Illinois were intended to serve his personal interests. *See id.*, 38 F.3d at 918. The doctrine also will not prevent jurisdiction over an individual defendant where the corporation is [*9] the individual's "alter ego." *State Sec. Ins. Co. v. Hall*, 530 F.Supp. 94, 98 (N.D. Ill. 1981). However, the fact that an individual is a member of management or holds controlling positions in a corporation does not nullify the protection of the fiduciary shield. *See id.* (dismissing defendant who was "major stockholder, president and chief operating agent," citing the flexibility of the fiduciary shield as an equitable doctrine); *see also Kula v. J.K. Schofield & Co., Inc.*, 668 F.Supp. 1126, 1129 (N.D. Ill. 1987) (recognizing that corporate officers, directors and shareholders are separate and distinct from their corporation). Finally, where a defendant acts with complete discretion over the actions giving rise to personal jurisdiction, the shield may be denied. *See Brujis v. Shaw*, 876 F.Supp. 975, 978 (7th Cir. 1995) ("[Most courts] generally conclude that the shield should not apply where the employee has the power to decide what is to be done and chooses to commit the acts that subject him to long-arm jurisdiction."). The fiduciary shield doctrine is usually said to be discretionary or "equitable," rather than an absolute entitlement. *Burnhope v. Nat'l Mortgage Equity Corp.*, 208 Ill.App.3d 426, 153 Ill.Dec. 398, 567 N.E.2d 356, 363-64 (1990).

Plaintiff [*10] points to several factors that allegedly preclude application of the fiduciary shield to Defendant Grimsley: the fact that he is an officer of the company; the amount of discretion with which he approached the activities in question; and the degree to which he was personally interested in taking the actions that he did. Defendant argues that he was not in fact an officer of the company, his discretion did not reach the decision to enter Illinois, and he had no personal interest in contracting with one party over another. Each of these factors is relevant to some degree to the applicability of the fiduciary shield doctrine. *See Dick Corp. v. SNC-Lavalin Constructors, Inc.*, 2006 U.S. Dist. LEXIS 21497, 2006 WL 1049724, at *4 (7th Cir. April 20, 2006) (citing *Interlease Aviation Investors II (ALOHA) L.L.C. v. Vanguard Airlines, Inc.*, 262 F.Supp.2d 898, 912 (N.D. Ill. 2003); *TruServe Corp. v. St. Yards, Inc.*, 2001 U.S. Dist. LEXIS 9205, 2001 WL 743642, at *6 (N.D. Ill. June 29, 2001)). However, the level of discretion is not itself determinative and must instead be viewed within the context of the entirety of the circumstances. *See, e.g., Brujis*, 876 F.Supp. at 979 ("We think [the Illinois Supreme Court] would consider the extent of the nonresident [*11] defendant's discretion an important factor, though not a determinative one, in deciding whether an Illinois court's jurisdiction over him was proper."). This Court must weigh each factor in turn, but must also consider, based on equitable principles, whether the factual scenario in its entirety warrants application of the shield against personal jurisdiction.

With respect to Grimsley's status within the company, the parties disagree with respect to the nature of his position at Dura-Line. In his dismissal motion, Grimsley denies that he was considered an officer within the company's hierarchy. Dismiss Mot. Mem. at 2-3 (citing Grimsley Aff. PP 3, 4). In response, Plaintiff points to the allegation that Grimsley has at all relevant times been an officer of Dura-Line, Am. Compl. P 6, and offers a website print-out that appears to show that Grimsley's title at Dura-Line was "Senior Vice-President for US Sales and Engineering," Dismiss Mot. Resp. Ex. E. Defendant asks this Court to dismiss Plaintiff's allegations as being unsupported and/or outside the realm of his expertise, and expects us to find more credible his own affidavit statement that he was not an officer. *See* Grimsley Aff. PP [*12] 3-4. "In considering a challenge to its personal jurisdiction, a court may receive and weigh affidavits, and such conflicts as do exist in the affidavits and pleadings must be resolved in plaintiff's favor for purposes of determining whether a prima facie case for in personam jurisdiction has been established." *Alpert v. Bertsch*, 235 Ill.App.3d 452, 459, 601 N.E.2d 1031, 1035, 176 Ill. Dec. 333 (Ill. App. 1 Dist. 1992) (citing *Wessel Co., Inc. v. Yoffee & Beitman Mgmt. Corp.* 457 F.Supp. 939, 940 (N.D. Ill. 1978)). Plaintiff has provided

the evidence reasonably available to him prior to discovery, i.e., his own understanding of the situation and employee information made public by the company. In light of the directly contradictory statements on this issue, and the preliminary stage at which this proceeding now stands, whether or not Grimsley should be deemed a Dura-Line "officer" under the law should be resolved in favor of the Plaintiff.

It is clear, however, that even if Grimsley was an officer, this would not be sufficient to preclude application of the fiduciary shield doctrine. Illinois courts have applied the fiduciary shield where a defendant was clearly a corporate officer, see, e.g., State Sec. Ins. Co. v. Frank B. Hall & Co., Inc., 530 F.Supp. 94, 98 (D.C. Ill. 1981) [*13] (applying fiduciary shield doctrine to a "major stockholder, president and chief operating agent" due to plaintiff's failure to allege equity arguments), and they have declined to apply it to officers where other factors were at play, see, e.g., Grimsley's Reply at 9 n. 4 (summarizing cases). What is dispositive is not whether the defendant is an officer, but whether he has a significant stake in the company's ultimate welfare above and beyond that of an employee, either because he: (1) is a shareholder in the company, see Dick Corp., 2006 U.S. Dist. LEXIS 21497, 2006 WL 1049724, at *4 nn. 6-7 (surveying district court opinions); (2) could properly be considered a *high* ranking officer, see Benda v. Per-Se Tech., Inc., 2004 U.S. Dist. LEXIS 11127, 2004 WL 1375361, at * 2 (N.D. Ill. June 17, 2004) (emphasis added); or (3) is simply an alter ego for the organization for which he claims to work, Torco Oil Co., 730 F.Supp. at 135-36. Plaintiff continues to insist that this Defendant is an officer and alleges that "Grimsley is in charge of Dura-Line's coupler business," but otherwise alleges no additional bases for finding that Grimsley had a significant stake in the company. See Dismiss Mot. Resp. at 8. Defendant has sworn that he is not an officer [*14] and Plaintiff has presented him with no other argument to rebut with respect to this issue. For that reason, there is no basis for finding that Defendant Grimsley's position within Dura-Line weights against applying the fiduciary shield doctrine and denying personal jurisdiction.

This Court must also consider whether Plaintiff has properly alleged that Grimsley was motivated by personal interests. Plaintiff alleges that Grimsley was driven to make decisions based upon "his friendship with [R-BOC employee Robert] Lundeen." Resp. to Dismiss Mot. Mem. at 9. He supports this with the following assertions:

> Mr. Lundeen and Mr. Grimsley are good friends; industry rumor has it that Mr. Lundeen got Mr. Grimsley the job when he left Dura-Line in early 2003 to start R-BOC, and Mr. Lundeen has always claimed (to me and others) to have a great deal of influence at Dura-Line. In addition to being a (former) sales representative and distributor of mine, R-BOC is also a sales representative for Dura-Line in Illinois and other Midwestern states.

Minemyer Decl. P 13. While Plaintiff is certainly correct that personal interests need not be pecuniary, Rice, 38 F.3d at 912-13, on its face this evidence is [*15] not compelling; Plaintiff's allegation is based not on his own realm of expertise, but rather unattributed hearsay statements, the content of which amounts to alleging that two men had some relationship, not necessarily one that might warrant favoritism and/or a motive for steering contracts. Also, Grimsley denies outright that his relationship with Lundeen is anything other than professional, and has provided an affidavit that might effectively undermine Plaintiff's allegations to the contrary. Nonetheless, Plaintiff claims that the friendship exists, and while the degree of personal interest has not been established with certainty, it has been adequately alleged and reinforced in a sworn declaration. See Torco Oil Co., 730 F.Supp. at 135 (finding that a mere allegation of self-interested motivation is sufficient); see also Alpert, 601 N.E.2d at 1035 (finding that contradicting sworn statements are to be resolved in plaintiff's favor). This factor therefore weighs against application of the fiduciary shield doctrine and for asserting personal jurisdiction over Grimsley.

Finally, this Court must evaluate the degree of discretion available to Grimsley with respect to the decisions that [*16] gave rise to this action. See Brujis, 876 F.Supp. at 978. This is not alone a dispositive factor, but it is nonetheless one that this Court must consider in relation to the factors already discussed. Plaintiff points to the fact that "Grimsley does not claim he was acting 'on orders' of his employer when he allegedly conspired with Lundeen to replace plaintiff's couplers with R-BOC's and lie about it to plaintiff," and that he "had the discretion to order couplers directly from plaintiff when the need arose." Resp. to Dismiss Mot. at 9-10. Defendant neither admits nor denies that he had discretion over what couplers were to be purchased, but nonetheless maintains that this is irrelevant in light of other countervailing factors. See Dismiss. Mot. Reply at 10-11. In addition, Grimsley maintains that in this instance, regardless of the degree of discretion he possessed, he did not decide that Dura-Line should conduct business in Illinois. Id. at 11 (citing Perry, 5 F.Supp.2d at 621; Grimsley's Supp. Aff. PP 6-8).

It is important to note that when considering Defendant's level of discretion, this Court does not consider those actions that caused the employer to enter the forum state, but [*17] rather the actions that allegedly gave rise to personal jurisdiction over the Defendant himself within that state. *See Rollins,* 565 N.E.2d at 1318 ("Ellwood entered into Illinois, *and while in Illinois engaged in conduct giving rise to the present cause of action,* solely in his capacity as a police officer acting for the Baltimore police department and the State of Maryland.") (emphasis added); *see also Renner v. Grand Trunk W. R. Co.,* 263 Ill.App.3d 547, 550-51, 641 N.E.2d 1, 3 (Ill. App. 1 Dist. 1994) (finding that defendant's own negligence while acting on behalf of his employer precluded fiduciary shield doctrine). In this instance, the conduct to be considered is that which created liability under Federal and Illinois law, i.e., "conspir[ing] with Lundeen to replace plaintiff's couplers with R-BOC's and lie about it to plaintiff," Dismiss Mot. Resp. at 9, as well as various acts related to the purchase of couplers known to be infringing, Am. Compl. PP 20-24. To the extent that Grimsley himself was aware of the illegality of these actions as they took place but did them anyway, or actively facilitated them, he moved beyond the scope of his professional duties and opened himself [*18] up to personal jurisdiction as an individual; to the extent that he was merely continuing to act in a manner consistent with the instructions of Dura-Line, he may still be protected under the fiduciary shield doctrine. For this reason, it is irrelevant that "Grimsley did not make the decision for Dura-Line to conduct business in Illinois," where the decision to allow that business to breach legal and contractual obligations was potentially all his own. For this reason, Plaintiff's apparent discretion over the R-BOC relationship urges this court to assert personal jurisdiction and deny application of the fiduciary shield doctrine.

Taken altogether, the above factors urge this Court to deny application of the fiduciary shield doctrine in this instance, not least because the facts as alleged by Plaintiff are significantly intertwined with the actions of Grimsley himself. General equity concerns do not point to a different outcome. *See Torco Oil Co.,* 730 F.Supp. at 135 ("[A] court should instead analyze the particular facts in light of the ultimate consideration of fairness before deciding whether the doctrine should bar jurisdiction."). In terms of fairness to Grimsley, which is the fundamental [*19] consideration at the heart of the personal jurisdiction analysis, it is not troubling that this Court assert jurisdiction over him; Grimsley was actively engaged in ongoing negotiations with R-BOC throughout the events in question, involving intellectual property rights that were allegedly infringed within the state of Illinois. The fact that Defendant might arguably have known about the fiduciary shield doctrine and assumed that it protected him from jurisdiction in this state is not sufficient to counterbalance these other factors showing that he should have foreseen being haled before a court here. In terms of the fairness of the case as a whole it does not make sense to preclude jurisdiction over Grimsley; taking the allegations of Plaintiff's complaint as true, he was wronged not only by the actions of R-BOC and Dura-Line in materially infringing on his patent, but also by the assurances of Grimsley himself that induced Plaintiff's continued reliance. To excuse Grimsley at the outset from a case in which -- according to Plaintiff's portrayal of events -- he was intimately involved as an individual does not equate with principles of fairness.

At the very least, however, this is [*20] a close question that is not appropriate for consideration without a more-developed record. "Certainly if it is infeasible or inconvenient to make a definitive determination of personal jurisdiction on the basis of affidavits or other evidence presented in a pretrial hearing, the district judge can, as with other preliminary questions, defer resolution to the trial." *Rice,* 38 F.3d at 915 (citing *Serras v. First Tennessee Bank Nat'l Ass'n,* 875 F.2d 1212, 1214 (6th Cir. 1989); *Stauffacher v. Bennett,* 969 F.2d 455, 459-60 (7th Cir. 1992)). If after further discovery it should prove appropriate, this Defendant will have the opportunity to move for dismissal once again and this Court retains the right to consider the motion on a more complete record. As it now stands, however, dismissal is inappropriate.

For these reasons, Defendant Grimsley's motion to dismiss based on the fiduciary shield doctrine is DENIED as assertion of jurisdiction under the long-arm statute of the state of Illinois is warranted.

### 4. ANALYSIS OF SPECIFIC JURISDICTION DEMANDED BY DUE PROCESS

Assertion of jurisdiction over defendant must also comport with the due process demands of state and federal due process law. The [*21] transactions in question involved the production and sale of plastic couplers, allegedly in violation of Plaintiff's patent.

Illinois due process is not necessarily co-extensive with federal due process, though federal law may inform the state inquiry. *Rollins,* 565 N.E.2d at 1316. According to the due process principles of the state, "[j]urisdiction is to be asserted only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Id.* (citing *People ex rel. Mangold v. Flieger* 106 Ill.2d 546, 550, 88 Ill.Dec. 640, 478 N.E.2d 1366 (1985)). Illinois courts have upheld the assertion of jurisdiction over nonresident defendants who purposefully availed themselves of Illinois legal protections through an ongoing commercial relationship with a

resident. *See, e.g., G.M. Signs, Inc. v. Kirn Signs, Inc.,* 231 Ill.App.3d 339, 172 Ill.Dec. 933, 596 N.E.2d 212, 214 (1992) (finding that defendant in commercial relationship was an "'active purchaser' who deliberately reached out beyond its home state to avail itself of the benefits [*22] of commercial ties with an Illinois company"). It is fairly clear at this stage that Grimsley had a degree of responsibility for Dura-Line's business relationship with R-BOC. Insofar as these duties obligated him to communicate with this Illinois company, he perpetuated a professional relationship with a business of the state, and to the extent that the relationship developed into malfeasance he may be held accountable as an individual. As that is the case, he should have foreseen being haled before a court in that forum for legal actions related to the business relationship. *See Autotech Controls Corp. v. K.J. Elec. Corp.,* 256 Ill.App.3d 721, 195 Ill.Dec. 526, 531-32, 628 N.E.2d 990, 995-96 (1993) (upholding jurisdiction "over a non-resident corporate purchaser engaged in a commercial relationship with an Illinois corporation through the placing of purchase orders to the plaintiff in Illinois for products manufactured in Illinois").

Plaintiff has also satisfied due process demands under federal law. To do so, the non-resident defendant must have sufficient minimum contacts with the forum state such that the exercise of jurisdiction does not offend traditional notions of fair play and [*23] substantial justice. *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Plaintiff does not allege that this Court has general jurisdiction over Defendant, so this Court will focus on whether specific jurisdiction exists so as to satisfy due process concerns. Specific jurisdiction arises when a court exercises personal jurisdiction over a defendant in a cause of action arising out of or related to the defendant's contacts with the forum. *See generally RAR,* 107 F.3d at 1277; *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 8, 415 n. 9, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). As stated, Plaintiff had ongoing business contacts within the state of Illinois and the instant matter has arisen from those contacts, therefore Defendant's due process rights under federal law are not impacted by the assertion of personal jurisdiction.

Defendant's only other defense to these due process concerns is a reiteration that he performed these duties at the behest of his employer. *See* Dismiss Mot. Mem. at 7-8. For the reasons stated above, this Court does not find this argument compelling. Defendant's actions and communications regarding R-BOC and the patented products were purposefully [*24] directed into Illinois, this litigation is related to the alleged violations that resulted, and asserting jurisdiction over him would not be unreasonable or unfair in light of that involvement. As a matter of federal due process, the fact that Plaintiff was acting as an employee does not appear to change that fact. *See Calder v. Jones,* 465 U.S. 783, 790, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) ("[Defendants'] status as employees does not somehow shield them from jurisdiction. Each defendant's contacts with the forum state must be assessed individually."); *Keeton v. Hustler,* 465 U.S. 770, 781 n. 13, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) ("We today reject the suggestion that employees who act in their official capacity are somehow shielded from suit in their individual capacity."). This Court therefore finds that specific jurisdiction over Defendant Grimsley does not violate his due process protections.

## 5. CONCLUSION

For the foregoing reasons, Defendant Grimsley's motion to dismiss is DENIED.

/s/ David H. Coar

United States District Judge

Dated: **August 24, 2007**