IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LORI GREINER, ) | | |
| An Individual, ) | | |
| Plaintiff, ) | | |
| AND ) | | |
| ) | | |
| FOR YOUR EASE ONLY, INC. ) | | |
| An Illinois Corporation, ) | | |
| ) | | |
| Plaintiff, ) | Civil Action No. 07 C 6451 | |
| ) | | |
| v. ) | | |
| ) | The Honorable Jude Charles Norgle | |
| CVS CAREMARK CORPORATION ) | | |
| (formerly CVS CORP.), ) | Magistrate Judge Susan Cox | |
| A Delaware Corporation, ) | | |
| ) | | |
| Defendant, ) | | |
| CVS PHARMACY, INC. ) | | |
| A Rhode Island Corporation, ) | | |
| ) | | |
| Defendant, and ) | | |
| ) | | |
| ATICO INTERNATIONAL USA, INC., ) | JURY TRIAL DEMANDED | |
| A Delaware Corporation ) | | |
| Defendant. ) | | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT ATICO'S MOTION TO DISMISS

Defendant Atico International USA, Inc.'s ("Atico") does not argue in its motion to dismiss that Atico is not subject to personal jurisdiction, but merely argues that Plaintiffs' complaint does not sufficiently plead personal jurisdiction. Atico fundamentally misunderstands the pleading requirements. Lori Greiner's and For Your Ease Only, Inc.'s (collectively "FYEO") Complaint satisfies the pleading requirements of the Federal Rules of Civil Procedure. Atico's other two arguments in its motion to dismiss are equally unsupportable.

Atico's Motion to Dismiss should be denied because: (1) this Court has personal jurisdiction over all named defendants; (2) FYEO's amended complaint complies with the

requirements of Fed. R. Civ. P. 15(c); and (3) FYEO is a proper plaintiff and has standing in this Court to obtain redress for Atico's, as well as the other Defendants', patent infringement.

## I.    BACKGROUND

Lori Greiner is a businesswoman, an inventor, and a resident of the state of Illinois. She currently has over 35 United States patents. One of her patented inventions is for a unique design for a mirrored jewelry cabinet. On September 26, 1996, United States Design Patent D528,840 ("the '840 Patent") issued to Ms. Greiner for her mirrored jewelry cabinet. Ms. Greiner remains the owner of the '840 Patent.

For Your Ease Only, Inc. is an Illinois corporation started by Ms. Greiner and owned by her and her husband, Dan Greiner, the Vice President. Her corporation sells a variety of her original and often patented products. One product that Ms. Greiner, and her business, markets and sells is a product called "The Gold and Silver Safe Keeper Jewelry Cabinet" ("Safe Keeper Jewelry Cabinet"). This product incorporates the '840 Patent and For Your Ease Only, Inc. has the exclusive right to sell this product. FYEO sells this product primarily at QVC, Inc.

FYEO was informed by one of its customers that CVS Pharmacy was selling a mirrored jewelry box that this customer believed looked like FYEO's mirrored Safe Keeper Jewelry Cabinet. FYEO investigated this matter and found that in fact CVS Pharmacy was selling a product that infringed upon FYEO's exclusive rights to sell a product covered by the design patent.

On November 8, 2007, to protect its exclusive rights, FYEO immediately filed suit against CVS Corp. and Atico International USA Inc., but did not serve the Defendants. (Ex. 1, Docket No.1.)[1] In hopes of reaching an amicable resolution, counsel for FYEO contacted the

---

[1] All Exhibits are attached to the declaration of Keith M. Sorge, filed concurrently herewith.

President of CVS Caremark Corporation, providing him a courtesy copy of the filed Complaint and asking him to stop the infringement. (Ex. 2.) The next day, in response to this letter, senior legal counsel for CVS Pharmacy informed FYEO's counsel that CVS Pharmacy was reviewing the facts and would respond to FYEO shortly regarding the allegations. (Ex. 3.) CVC Pharmacy's senior legal counsel stated in her letter that FYEO's November 8, 2007 letter to the President of CVS Caremark was forwarded to her. (*Id.*) She did not contend that the wrong CVS corporate entity was sued.

On November 15, 2007, Jeffrey Kamenetsky of Christopher & Weisberg, P.A. contacted counsel for FYEO by letter. Mr. Kamenetsky's letter begins with the statement "[w]e represent *CVS Corporation* ("CVS") and Atico International, Inc. ("Atico") in connection with their intellectual property matters and have been asked to respond to your letter to CVS dated November 8, 2007 with respect to the above-captioned matter." (Ex. 4 (emphasis added).) Mr. Kamenetsky's letter also indicated a courtesy copy had been sent to *CVS Corporation*. (*Id.*) The letter did not mention CVS Caremark. This letter informed FYEO's counsel that Christopher & Weisperg, P.A had just gotten the information from CVS and needed time in which to review it. Nowhere in this letter did counsel for Defendants indicate that the caption to the filed complaint was improper for naming CVS Corporation instead of naming CVS Pharmacy, Inc. and CVS Caremark. Apparently, Mr. Kamenetsky believed the relevant CVS entity was CVS Corporation. On November 20, 2007, Mr. Kamenetsky wrote to counsel for FYEO a second time. (Ex. 5.) Once again Mr. Kamenetsky's letter was courtesy copied to CVS Corporation*,* not CVS Caremark or CVS Pharmacy.

Following FYEO's response, on November 26, 2007, Mr. Kamenetsky sent a third letter to counsel for Plaintiffs denying that the accused product infringed the '840 Patent and asserting

3

that "CVS and Atico also maintain their right to sell items which they have been advised do not infringe the alleged rights of others." (Ex. 6.) This letter, as with all previous correspondence coming from Defendants' counsel, courtesy copied CVS Corporation but no other CVS entity. Nowhere, in any of this correspondence, did counsel for Defendants inform Plaintiffs of the purported mistake in the parties listed in the complaint.

Following these letters, FYEO served the previously filed complaint on the named defendants on December 18, 2007. The Proof of Service Affidavit (Ex. 7, Docket No. 8) served at One CVS Drive, Woonsocket, RI 02895 was signed by and accepted by the managing agent, Amanda Clark, a legal assistant of CVS Caremark Corporation. At that time, no one informed the process server that CVS Corporation had changed its name. In 2007, CVS Corporation merged with Caremark Rx, Inc. and changed its name to CVS Caremark Corporation.

On January 3, 2008, Defendants' counsel left a voice message with Plaintiffs' counsel. In this voice message, and for the very first time, counsel indicated that CVS Corporation did not exist. This voice message did not mention Atico's personal jurisdiction concern. The voice message did threaten that Atico would move to dismiss if FYEO did not correct this mistake. FYEO's counsel was traveling for a deposition on Thursday and Friday January 3-4 and did not respond by the 4th. Christopher & Weisberg, P.A, both CVS's and Atico's counsel, filed Atico's motion to dismiss the following Monday, January 7, 2008. (Docket No. 11.)

Atico now alleges that personal jurisdiction was not properly pled in the complaint. Atico also alleges, without explaining its standing to do so, that CVS Corporation does not exist—the same CVS Corporation that, in several letters, the same counsel had identified as his client. Atico also alleged that FYEO had no standing. Atico concurrently filed a declaratory

4

judgment action in Florida, without joining any CVS companies or FYEO. The second-filed Florida Complaint alleges that Atico does not infringe and that the '840 Patent is invalid.

Once FYEO learned of the mistake of the corporation's name in the complaint's caption, FYEO filed an amended complaint. The amended Complaint changed the CVS defendants from CVS Corporation to CVS Caremark Corp. (formerly CVS Corp.) and CVS Pharmacy, Inc.. FYEO also included allegations regarding personal-jurisdiction and FYEO's standing as exclusive licensee of the '840 patent. After filing its amendment, and with there being no reason for the motion to dismiss to be granted by this Court, FYEO contacted Atico's counsel asking them to withdraw Atico's motion to dismiss. Atico's counsel refused the request. (Ex. 8.)

## II.    ARGUMENT

### A.    Personal Jurisdiction is Properly Pled as to Atico International USA, Inc.

#### 1.    There Is No Requirement to Plead Personal Jurisdiction.

Atico in its motion does not deny that this Court in fact has personal jurisdiction over Atico. Furthermore, Atico does not deny that its infringing products are or were sold in Illinois. Atico also does not deny that it has continuous and systematic contacts with Illinois.

Instead, Atico's motion to dismiss for lack of personal jurisdiction is based solely on FYEO's pleadings. Its motion simply argues that the complaint is defective because the pleading does not specifically allege personal jurisdiction. (Def. Br. ¶ 1.) In addition, Atico argues that "general and systematic contacts must be pleaded." (*Id.* at ¶ 3.)

Atico's understanding of the Federal Rules of Civil Procedure is incorrect. Federal Rule of Civil Procedure 8(a) provides the general rules for pleading a complaint. The rule requires the complaint to contain a short and plain statement of the grounds on which the Court's jurisdiction depends, the claim, and the relief requested. For purposes of Rule 8,

5

jurisdiction refers to subject matter jurisdiction. "There is no requirement that the complaint allege a basis for asserting personal jurisdiction over the defendant." *Polar Molecular Corp. v. Amway Corp.*, No. 1:07-CV-460, 2007 U.S. Dist. LEXIS 84252, at * 23 (W.D. Mich. Nov. 14, 2007)(citing Charles Alan Wright, et al., *Federal Practice and Procedure* § 1067.6 (3d ed. 2007) (collecting cases and noting that "strictly speaking, under Federal *Rule 8(a)* plaintiffs are not required to plead the basis for personal jurisdiction over defendants"). (Ex. 9.) Moreover, "a complaint need not include facts alleging personal jurisdiction." *Minemyer v. R-BOC Representatives, Inc.*, No. 07C1763, 2007 U.S. Dist. LEXIS 62898, at * 6 (N.D. Ill. Aug. 24, 2007) (Ex. 10); *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

As the Supreme Court has ruled, "when a complaint adequately states a claim it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegation or prove his claim to the satisfaction of the factfinder." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969, 167 L. Ed. 2d. 929, 945 (2007).

Atico supported its argument that personal jurisdiction must be pled with a cite to the International Shoe case. (Pl. Br. ¶ 3.) While of course that case discusses personal jurisdiction, nowhere does it hold that personal jurisdiction must be pled. Atico thus providing a misleading cite to support a baseless legal argument.

        2.      <u>This Court Has Both General And Specific Jurisdiction over Atico.</u>

As noted above, Atico's brief does not dispute that the facts support personal jurisdiction over it. Thus, the above showing on the law disposes entirely of Atico's pleading-based argument. However, Atico's motion is fashioned as a Rule 12 motion, and thus out of an abundance of caution Plaintiffs address the factual support for personal jurisdiction, despite the

6

fact that Plaintiffs have had no opportunity to take discovery from Atico to fully develop the facts regarding its contacts with Illinois.

Personal jurisdiction is a two-step inquiry. *Red Wing Shoe Comp., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998).[2] First, the Court determines whether the defendant is amenable to process. This determination usually depends on whether the defendant would be subject to the jurisdiction of a court of general jurisdiction in the state in which the district is located. *Id.* (citing Fed. R. Civ. P. 4(k)(1)(A)). Second, the Court ensures that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice' that are embodied in the Due Process Clause." *Id.*

For the first step Illinois courts have held that Illinois' long-arm statute reaches as far as the Due Process clause will allow. *See Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000). Thus, in Illinois the two-step inquiry folds into one: whether an exercise of personal jurisdiction over Atico would offend Due Process. *Id.* Due Process looks at the nature of the contacts between the defendant and the forum. If the contacts are continuous and systematic, then general jurisdiction is found. Alternative, if the cause of action "arises out of or relates to" minimum contacts with the state, then specific jurisdiction is found. Either general or specific jurisdiction is adequate.

Atico has contacts with Illinois to support both general and specific jurisdiction. First, as to general jurisdiction, Atico, as advertised on its website, "offers Retailers, Wholesalers, OEM Manufacturers and Distributors more than 350,000 products." (Ex. 11.) Atico also sells products under numerous of its own brand names. (*See* USPTO search of Trademarks Owned by Atico, Ex. 12.) These products are sold by a variety of retailers in Illinois, including CVS and

---

[2] To determine personal jurisdiction in a patent infringement case Federal Circuit law applies rather than that of regional circuits. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564-65 (Fed. Cir. 1994).

Walgreens. (*See* e.g. Walgreens.com (based in Illinois) selling the Atico Gazelle 2-in-1 Cyclonic Cordless Vacuum and Atico Glossy Papers Notebooks, Ex. 13.) CVS has 225 stores in Illinois. Walgreens is an Illinois corporation with 532 stores in Illinois. Atico was required to recall almost 400,000 of its coffee machines that were exclusively sold at Walgreens. (Ex. 14.)[3] Illinois has a very real interest in the continuous actions of Atico in Illinois. Moreover, further discovery is likely to reveal many Atico products continuously and systematically sold at other Illinois retailers. Atico does not even allege otherwise.

As to specific jurisdiction, that analysis is more difficult for Plaintiffs at this early stage, as Atico and CVS are the keepers of the evidence relative to the number of accused products that were sold or offered for sale in Illinois. FYEO asked Atico for information regarding Atico's sales in Illinois, but the request was denied by Atico. But, it is undisputed that Atico provides the accused product to CVS, and that CVS has approximately 225 retail outlets in Illinois. Atico's role as supplier of the infringing product is enough, as specific jurisdiction exists when a defendant places an accused product into the stream of commerce. *See Worldtronics Int'l Inc. v. Ever Splendor Enterprise Co., Ltd.*, 969 F. Supp. 1136 (N.D. Ill. 1997). In Worldtronics, jurisdiction was found where the relationship to the forum state was further removed than in this case. In Worldtronics the court found specific jurisdiction attached to the Chinese company that sold its products to intermediaries into the United States market. *Id.* There was no evidence of sales in Illinois but the court reasoned that the defendant should have anticipated there would be sales in Illinois. *Id.* at 1142. Here, Atico probably knew, and at least should have known that

---

[3] *See also* information regarding Atico's recall of 400,000 toys containing kerosene, 1.5 million children's chairs, 200,000 picnic tables, 37,000 water heater pots, 27,000 patio umbrellas, 400,000 pool arm bands, 54,000 espresso makers, 198,000 percolators, 13,000 pacifiers and 14,800 candle holders. These recalls were nationwide and did not exclude Illinois with many of these products having been sold at CVS Pharmacy and Walgreens.

some of its infringing products that it introduced into the stream of commerce would end up in Illinois.

FYEO has demonstrated that Atico has the requisite minimum contacts to establish jurisdiction. Therefore, Atico bears the burden of showing why this Court's assertion of jurisdiction over it would be unreasonable. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

> Among the factors that courts may consider in making this determination are (1) the burden on the defendant, (2) the forum State's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several States in furthering fundamental substantive social policies.

*Worldtronics*, 969 F. Supp. 1142 (citing *Burger King Corp.*).

Atico made no showing of these factors. These factors support jurisdiction. First, there will be no burden on Atico to defend itself in Chicago. Atico is a large company which regularly sells hundreds of thousands of products throughout the United States. It has the resources to be a Delaware corporation while doing business headquartered in Florida. Because Atico supplies the product to CVS and apparently has stepped forward to defend CVS, it is quite likely that Atico has a duty to defend CVS wherever it is sued. This further shows that Atico understood it may be haled into court in Illinois, and that due process is respected by keeping the case here. Based at least upon its business relationship with Walgreens and CVS, it does not appear that it is a burden for Atico to do business or defend itself in Illinois.

Second, Illinois has far more interest in adjudicating this dispute than Florida. An Illinois corporation and an Illinois resident are being harmed by the actions of corporations from

Delaware (Atico) and Rhode Island (CVS).  The injury is being felt by FYEO in Chicago, not Fort Lauderdale.

Third, Plaintiffs For Your Ease Only, Inc. and Lori Greiner both reside in Illinois.  Illinois, wherein both retailer CVS and source Atico are parties, provides the best forum for the plaintiffs to obtain complete, convenient and effective relief.  Atico should have known its actions would injure Illinois residents, further confirming it is just to litigate here.

Fourth and fifth, it is undisputed that the CVS organizations are amenable to suit in Illinois, so Illinois is the most efficient forum for the case.  Illinois has the strongest interest in ensuring protection of an Illinois resident's patent rights against two much larger companies whose first official act in this case is to play a procedural game...

FYEO believes that there is sufficient information in front of the Court to decide that Atico's procedural motion should be denied, and/or that Atico is amenable to suit in Illinois, without expending time and money on such additional discovery.  But, if the Court disagrees, FYEO asks for the Court to grant FYEO leave to take jurisdictional discovery of Atico to obtain the facts regarding Atico' Illinois contacts that Atico has not even disputed but has been unwilling to provide.  FYEO held a meet and confer with Atico on January 31, 2007 as required under both the federal and local rules.  In accordance with Judge Charles R. Norgle's case management procedure, FYEO has not filed a motion at this time, but believes the issue can be adequately addressed at the hearing on this motion to dismiss if the Court decides it is necessary.

      B.    <u>Because Serving the Wrong CVS Entity was a Mistake Perpetuated by Defendants' Counsel, and the Purportedly Proper CVS Entities Have Notice of the Complaint, Amending The Complaint to Identify the Proper CVS Entities Both Fully Addresses Atico's Objection and Relates Back to the Original Filing Date.</u>

FYEO's original complaint named CVS Corporation as the defendant responsible for selling the infringing product to consumers. Christopher & Weisberg, P.A, both CVS's and Atico's counsel, never asserted this was a mistake in any of the numerous letters sent to FYEO after the filing and before service of the complaint. To the contrary, Defendants' letters consistently and apparently mistakenly referred to CVS Corporation instead of its new name, CVS Caremark. Shortly after this mistake was finally brought to the attention of FYEO, FYEO amended the complaint to properly name the CVS defendants.

Under Fed. R. Civ. P. 15 "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served…." A motion to dismiss is not a responsive pleading so the timing of FYEO's amended complaint was proper. *See Kaye v. City of Milwaukee*, No. 06-3139, 2007 U.S. App. LEXIS 29339, at *4. (7th Cir. Dec. 17, 2007) (Ex. 15.)

FYEO's amended complaint relates back to the date of the original complaint under Fed. R. Civ. P. 15(c), as if the proper CVS entities were originally sued. The date relates back for two separate and independent reasons. First, under 15(c)(2), the date of an amendment relates back to the original complaint when the claim asserted in the amended complaint arose out of the "conduct, transaction, or occurrence set forth…in the original." Here the claim in the Amended Complaint is identical to the claim in the original Complaint.

Second, FYEO's amended complaint also relates back under the provisions of Fed. R. Civ. P. 15(c)(3). When the amended complaint simply changes the name of the defendant,

11

involves the same conduct, and causes no prejudice to the newly named defendants, and the new defendants knew or should have known that, but for the mistake, the action would have been brought against them, then the date of the amended complaint relates back to the original complaint. That is the case here. The amended complaint simply changed the name of defendant and pled the same infringing conduct. Moreover, the president of CVS Caremark was sent the original letter, and sent it to counsel for CVS Pharmacy. Thus both CVS Pharmacy and CVS Caremark received notice of the action such that they will not be prejudiced. Lastly, CVS Pharmacy and CVS Caremark knew or should have known but for the mistake the action would have been brought against them. *See* Fed. R. Civ. P. 15(c)(3). Their own counsel, after all, perpetuated the mistake in numerous letters.

      C.      For Your Ease Only, Inc. Is A Proper Party And Has Standing To Sue as Exclusive Licensee of the Patent.

Atico's last incorrect argument in its motion to dismiss is that For Your Ease Only, Inc. lacks standing to sue. Atico cites *Int'l Gamco, Inc. v. Multimedia Games, Inc.*, 504 F.3d 1273 (Fed. Cir. 2007) to support its position. *Int'l Gamco*, like a legion of other Federal Circuit-standing cases, concerned standing when the *owner* of the patent was not included as a party. *See Id.* at 1275 identifying a number of such cases. Here it is undisputed that the patent owner is a party. For Your Ease Only, Inc. did not bring suit by itself, so *Int'l Gamco* has no bearing on this issue whatsoever.

Moreover, For Your Ease Only, Inc. has the exclusive right from its owner Lori Greiner to sell products covered by the '840 patent. Exclusive rights provide standing. *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000). There is no requirement that this exclusive right be put into a written document because the patent owner is included as a named

12

plaintiff. *See Kalman v. Berlyn Corp.*, 914 F.2d 1473, 1481 (Fed. Cir. 1990).[4] As such, For Your Ease Only, Inc. along with the patent owner has proper standing to sue for the damage caused by Defendant's infringement.

Though Plaintiffs' original complaint has satisfied the pleading requirements of Fed. R. Civ. P. 8, Plaintiffs' amended complaint added wording to further show the relationship between FYEO and Ms. Greiner. Atico's argument was wrong when the complaint was originally filed and continues to be wrong now.

      D.      <u>Atico's Defenses Lack a Reasonable Basis.</u>

FYEO amended the complaint to correct its mistake in naming the predecessor corporation to CVS Caremark. This was a simple step that could have easily been accomplished without a premature motion by Atico. Moreover, Atico's personal jurisdiction arguments are based on a premise unsupported by the law, as it is clear that personal jurisdiction need not be pled. Atico's brief cites that personal jurisdiction must be pled, but, contrary to the arguments in its brief, its case does not support that proposition. *Int'l Shoe v. Washington*, 326 U.S. 310 (1945). cases. This subterfuge is compounded by the fact that, on the facts, Atico does not even dispute that personal jurisdiction is proper.

In an effort to fully address all the issues and moot the need for a full blown motion, FYEO further amended the complaint adding wording that addressed Atico's incorrect arguments regarding pleading personal jurisdiction and standing. Leaving Atico with no possible basis for maintaining this motion to dismiss, FYEO contacted Atico's counsel and asked Atico to withdraw what was now a completely baseless motion. Atico refused FYEO's offer, thus wasting the Court's time and FYEO's funds.

---

[4] The license need not be expressed, but may be implied. *Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481, 1484 (Fed. Cir. 1998).

Atico apparently has a motive, that of hoping to move this case to its home state of Florida. The same day that Atico filed this motion to dismiss in Illinois it filed a declaratory judgment action in Florida. But its hope for this tactical advantage does not excuse its failure to properly cite the law or reasonably acknowledge when amendments to the complaint fully address all of its grounds for the motion to dismiss.

### III.   CONCLUSION

Atico's motion to dismiss should be denied as Atico provided no basis to support its request. This court has personal jurisdiction over all the parties, to include Atico. The proper defendants' names are used in the amended complaint and For Your Ease Only, Inc., together with the patentee Lori Greiner, has standing in this case.

LORI GREINER AND
FOR YOUR EASE ONLY, INC.,

By their attorneys,

Date:   February 1, 2008

      /s/ Donald B. Levine
Donald B. Levine, IL # 1637355
LATIMER LEVAY JURASEK L.L.C.
55 West Monroe Street
Suite 1100
Chicago, IL 60603
(312) 422-8000

and

Daniel W. McDonald
Merchant & Gould P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2215
(612) 332-5300