# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LORI GREINER and <br> FOR YOUR EASE ONLY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CVS CAREMARK CORPORATION, <br> CVS PHARMACY, INC, and <br> ATICO INTERNATIONAL U.S.A., INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 07-cv-6451 <br> ) <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) <br> ) |

## ATICO INTERNATIONAL USA, INC.'S ANSWER TO AMENDED COMPLAINT

Defendant Atico International U.S.A., Inc. (Atico) files this Answer to plaintiffs Lori Greiner's and For Your Ease Only, Inc.'s Amended Complaint as follows:

1. Plaintiff, Lori Greiner ("Ms. Greiner"), is an individual and has a place of business at 1301 North Dearborn Parkway, Chicago, Illinois 60610.

**Answer:** Atico lacks sufficient information to confirm these allegations and therefore denies them.

2. Plaintiff, For Your Ease Only, Inc, ("For Your Ease Only"), is a corporation organized and existing under the laws of Illinois and has a principal place of business at 1301 North Dearborn Parkway, Chicago, Illinois 60610.

**Answer:** Atico lacks sufficient information to confirm these allegations and therefore denies them.

3. Upon information and belief, Defendant, CVS Caremark Corporation (herinafter with CVS Pharmacy, Inc. collectively referred to as "CVS") (formerly CVS Corp.), is a

corporation organized and existing under the laws of Delaware and has a principal place of business at One CVS Drive, Woonsocket, RI 02895.

**Answer:** Admit.

4. Upon information and belief, Defendant, CVS Pharmacy, Inc. (herinafter with CVS Pharmacy, Inc. collectively referred to as "CVS") (formerly CVS Corp.), is a corporation organized and existing under the laws of Delaware and has a principal place of business at One CVS Drive, Woonsocket, RI 02895. CVS has approximately 225 retail locations within the State of Illinois and has general and systematic contacts with Illinois.

**Answer:** Admit CVS Pharmacy, Inc. has its principal place of business at One CVS Drive in Woonsocket, Rhode Island and deny the remaining allegations.

5. Upon information and belief, Defendant, Atico International USA, Inc. ("Atico"), is a corporation organized and existing under the laws of Delaware and has a principal place of business at 501 S. Andrews Avenue, Fort Lauderdale, FL 33301, and has general and systematic contacts with Illinois at least through the sale of a wide variety of products through many retailers having many stores in Illinois, including but not limited to CVS stores.

**Answer:** Admit Atico is a Delaware corporation with its principal place of business at 501 Andrews Avenue in Fort Lauderdale, Florida and is subject to personal jurisdiction in this case and deny any remaining allegations.

6. This is a claim of patent infringement arising under the Acts of Congress relating to patents, 35 U.S.C §§ 171, 271, 282-285, and 289.

**Answer:** Admit and state that additional sections of Title 35 of the United States Code may form the basis for defenses in this action.

7. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**Answer:**　　Admit.

8.　　This Court has jurisdiction over the Defendants by virtue of, inter alia, their general, continuous and systematic contacts with Wisconsin.

**Answer:**　　Deny.

9.　　On September 26, 1996, United States Patent No. D258,840 entitled JEWELRY STORAGE CONTAINER was duly and legally issued to Ms. Greiner. Ms. Greiner is the owner of the entire right, title and interest in and to United States Patent No. D258,840 and has been and still is the owner thereof. United States Patent No. D258,840 is attached as Exhibit A.

**Answer:**　　Deny.

10.　　Ms. Greiner started For Your Ease Only to sell a variety of original products. For Your Ease Only has successfully sold and continues to sell products, including the product called "Gold and Silver Safekeeper Mirrored Jewelry Cabinet" ("Mirrored Jewelry Cabinet"), including sales on QVC. FYEO has exclusive rights to sell products under U.S. Patent No. D258,840.

**Answer:**　　Atico lacks sufficient information to confirm these allegations and therefore denies them.

11.　　Upon information and belief, CVS has had manufactured for it, offered for sale, sold and used a Mirrored Jewelry Box which infringes United States Patent No. D258,840. Pictures showing CVS's infringing product are attached as Exhibit B.

**Answer:**　　Deny.

12.　　Upon Information and belief Atico has worked with CVS to have manufactured, offered for sale, sold or used a Mirrored Jewelry Box which infringes United States Patent No. D258,840 and/or induced or contributed to such infringing acts by CVS or others.

**Answer:**　　Deny.

13. A customer notified For Your Ease Only that CVS sold the infringing Mirrored Jewelry Box, indicating a belief it was from the same as For Your Ease Only's patent Mirrored Jewelry Cabinet.

**Answer:** Atico lacks sufficient information to confirm these allegations and therefore denies them.

14. Upon information and belief, Defendants have had actual knowledge of United States Patent No. D258,840 and their infringement of this patent has been and continues to be willful and deliberate.

**Answer:** Deny.

15. Plaintiffs have been damaged by Defendants' infringement of United States Patent No. D258,840 and will continue to be damaged in the future unless Defendants are permanently enjoined from infringing said patent. The Defendants' infringing activities are eroding the market value of the patented product and are causing FYEO and M. Greiner lost profits and other damages. Defendants are fully aware that such injury resulting from the acts of infringement would harm Ms. Greiner and FYEO, residents of Illinois.

**Answer:** Deny.

### AFFIRMATIVE DEFENSES

16. Atico does not infringe the patent-in-suit.

17. CVS Caremark Corporation does not infringe the patent-in-suit.

18. CVS Pharmacy, Inc. does not infringe the patent-in-suit.

19. The patent-in-suit is not valid as asserted.

20. The patent-in-suit is not enforceable as asserted at least because of the doctrine of patent misuse since the accused product clearly looks different as a whole from the design patent drawings.

21. For Your Ease Only lacks standing to assert the patent-in-suit.

22. The patent-in-suit is unenforceable against the defendants at least because, in February 2006, Ms. Greiner or her patent prosecution attorney learned of the existence of U.S. Patent No. 5,681,100 – a prior art reference material to the patentability of the invention claimed in the patent-in-suit – which reference Ms. Greiner or her attorney intentionally withheld from the patent office during the pendency of the application that issued as the patent-in-suit.

## JURY TRIAL

23. Atico requests a jury trial as to all issues so triable.

## PRAYER FOR RELIEF

Atico respectfully requests this Court enter judgment in favor of defendants and against plaintiffs including an Order granting the following relief:

A. Dismissing the Amended Complaint with prejudice;

B. A declaration that this case is exceptional under 35 U.S.C. § 285;

C. An award of Atico's costs of suit, including reasonable attorneys' fees; and

D. Such further relief as this Court deems appropriate.

Dated February 11, 2007

                                         ATICO INTERNATIONAL USA, INC.

                                  By:    s/David B. Goodman

| | |
|---|---|
| *Of Counsel:* | David B. Goodman (ID 6201242) |
| Jason R. Buratti, Esq. | Shaw Gussis Fishman Glantz Wolfson & |
| Jeffery L. Kamenetsky, Esq. |    Towbin LLC |
| Joseph R. Englander, Esq. | 321 N. Clark Street |
| Christopher & Weisberg, P.A. | Suite 800 |
| 200 East Las Olas Boulevard | Chicago, IL 60610 |
| Suite 2040 | (312) 541-0151 |
| Fort Lauderdale, Florida 33301 | (fax-(312) 275-0588) |
| (954) 828-1488 | |
| (fax-(954) 828-9122) | |

*Attorneys for defendants Atico International U.S.A., Inc.,*
*CVS Caremark Corporation, and CVS Pharmacy, Inc.*

6